## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF KENTUCKY
### LEXINGTON DIVISION

**IN RE**

**EUGENE EARL TRAVERS, JR. and**                    **CASE NO. 15-50844**
**ADRIENNE NOELLE TRAVERS**                                          **CHAPTER 13**

**DEBTORS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Response and Objection to Motion to Avoid Lien

and Objection to Amended Chapter 13 Plan [ECF Nos. 25 and 26] of Creditor United Bank &

Trust Company, Versailles, KY, successor by merger to Citizens Bank of Jessamine County

("United Bank") to (i) its treatment in the proposed plan [ECF No. 19], and (ii) the Motion to

Avoid Junior Lien of United Bank Pursuant to 11 U.S.C. § 506(a) [ECF No. 21].  The matter is

fully briefed and oral argument was held on November 5, 2015.  [ECF No. 33 – Debtors'

Response and Objection; No. 51 – Chapter 13 Trustee's Memorandum; No. 52 – United Bank's

Reply Memorandum; and No. 53 – Debtors' Reply Memorandum.]

United Bank has a second lien on the Debtors' residence, which is also encumbered by a

first lien held by Green Tree Servicing LLC in the amount of $332,290.32.  [POC 6-1.]  United

Bank and the Debtors agree the market value of the property is $290,000.00, so there is no equity

available to cover United Bank's lien (*i.e.*, the lien is wholly underwater).  [ECF No. 45.]

Therefore, the Debtor may strip-off the United Bank lien under current Sixth Circuit precedent in

*Lane v. Western Interstate Bancorp (In re Lane)*, 280 F.3d 663 (6th Cir. 2002).

United Bank argues, however, that the recent Supreme Court decision in *Bank of

America, N.A. v. Caulkett*, --- U.S. ----, 135 S. Ct. 1995, 192 L. Ed. 2d 52 (2015), changes this

result.  United Bank admitted at oral argument that *Caulkett* did not explicitly overrule *Lane*, but

argues the logical implications of the decision would lead to a different result if the Sixth Circuit were to reconsider the issue in this case.  *See, e.g., Davis v. Springleaf Fin. Servs. (In re Davis)*, Case No. 15-40069, Adv. No. 15-4020, 2015 WL 5299458, *2 n.4 (Bankr. S.D. Ga. Sept. 9, 2015) (speculating that the reasoning underlying the *Caulkett* decision may require a reexamination of cases allowing strip-off of wholly underwater liens in Chapter 13 cases). United Bank, therefore, seeks an order rejecting the Debtors' proposed avoidance of its lien and holding that *Lane* was abrogated by *Caulkett*.

United Bank cannot explain, however, how a lower court may ignore clear precedent from the Sixth Circuit.  "[A] published prior panel decision [of the Sixth Circuit] 'remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or [the Sixth Circuit] sitting en banc overrules the prior decision.'" *A.B.C. Beverage Corp. v. United States*, 756 F.3d 438, 441 (6th Cir. 2014) (quoting *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985)).  The Sixth Circuit has not overruled *Lane*, so United Bank must show that the Sixth Circuit is required to modify *Lane* based on *Caulkett*.

United Bank has a high burden of persuasion because circuit precedent is not easily overruled by Supreme Court precedent, absent explicit direction of that intent.  "[B]inding circuit precedent . . . cannot be lightly determined to be overturned based upon a broad interpretation of a Supreme Court decision."  *Lawson v. Conley (In re Conley)*, 482 B.R. 191, 206 (Bankr. S.D. Ohio 2012).  Rather, only "a clear directive from the Supreme Court" will require a change. *United States v. Katzopoulos*, 437 F.3d 569, 576 (6th Cir. 2006).  *Caulkett* does not mandate overturning *Lane*.

*Caulkett* merely applies the interpretation of 11 U.S.C. § 506(d) in *Dewsnup v. Timm (In re Dewsnup)*, 502 U.S. 410, 112 S. Ct. 773, 116 L. Ed. 2d 903 (1992) to underwater liens.  The Supreme Court in *Caulkett* held that strip-off of a wholly underwater lien was not available in Chapter 7 because "*Dewsnup* defined the term 'secured claim' in § 506(d) to mean a claim supported by a security interest in property, regardless of whether the value of that property would be sufficient to cover the claim."  *Caulkett*, 135 S. Ct. at 1999.  The Sixth Circuit already reached that conclusion in *Talbert v. City Mortgage Services (In re Talbert)*, 344 F.3d 555 (6th Cir. 2003), a year after *Lane* was decided.

*Lane* was an interpretation of the Supreme Court's decision in *Nobelman v. American Savings Bank (In re Nobelman)*, 508 U.S. 324, 113 S. Ct. 2106, 124 L. Ed. 2d 228 (1993). *Nobelman*, decided one year after *Dewsnup*, addressed whether a chapter 13 debtor could modify the unsecured portion of an undersecured claim secured by a residential mortgage.  The Supreme Court determined that a chapter 13 debtor should look "to § 506(a) for a judicial valuation of the collateral to determine the status of the bank's secured claim."  *Nobelman*, 508 U.S. at 328.  If the valuation reveals that a claim has a "secured component," the debtor may not use 11 U.S.C. § 1322(b)(2) to modify the lien.  *Id.* at 331.

Based on *Nobelman*, the Sixth Circuit decided that a debtor may use § 1322(b)(2) to modify a claim that has no secured component.  *Lane*, 280 F.3d at 669.  In reaching this decision, the Sixth Circuit placed special emphasis on the Supreme Court's endorsement of a § 506(a) judicial valuation of collateral as the proper first step in determining the secured status of a claim.  *Id.* at 667.  The *Lane* court reasoned that such an approach "means that it must make a difference whether the overall claim belongs in the pigeonhole marked 'secured claims' or the pigeonhole marked 'unsecured claims,' as those terms are defined in § 506(a)."  *Id.*  The Sixth

Circuit concluded that "the only apparent reason why the classification could make a difference is that the special protection accorded by the antimodification provision [of § 1322(b)(2)] extends to the rights of holders of 'secured claims' and does not extend to the rights of holders of 'unsecured claims.'" *Id.* at 668.

*Nobelman* and *Lane* address § 506(a) and § 1322(b)(2); they do not consider the pre-existing decision in *Dewsnup* or § 506(d).[1]  *Caulkett* itself specifically rejected applying the logic of the *Nobelman* in the § 506(d) context:

> Nor do we think *Nobelman v. American Savings Bank* supports the debtors' proposed distinction.  *Nobelman* said nothing about the meaning of the term "secured claim" in § 506(d).  Instead, it addressed the interaction between the meaning of the term "secured claim" in § 506(a) and an entirely separate provision, § 1322(b)(2).  *Nobelman* offers no guidance on the question presented in these cases because the Court in *Dewsnup* already declined to apply the definition in § 506(a) to the phrase "secured claim" in § 506(d).

*Caulkett*, 135 S. Ct. at 2000 (citations omitted).  Having disclaimed *Nobelman's* relevance to its treatment of § 506(d), there is no reason to believe that the Supreme Court intended *Caulkett* to have any effect on *Nobelman* or the cases that have applied its holding (including *Lane*), as United Bank suggests.

Though all were decided prior to *Caulkett*, the seven other circuits that have considered this issue all agree with *Lane*:  a chapter 13 debtor may avoid a wholly unsecured lien on the debtor's residence notwithstanding the anti-modification provision of § 1322(b)(2).  *See Minn. Hous. Fin. Agency v. Schmidt (In re Schmidt)*, 765 F.3d 877 (8th Cir. 2014); *Branigan v. Davis (In re Davis)*, 716 F.3d 331 (4th Cir. 2013); *Zimmer v. PSB Lending Corp. (In re Zimmer)*, 313 F.3d 1220 (9th Cir. 2002); *Pond v. Farm Specialist Realty (In re Pond)*, 252 F.3d 122 (2d Cir. 2001); *Tanner v. FirstPlus Fin.. Inc. (In re Tanner)*, 217 F.3d 1357 (11th Cir. 2000); *Bartee v.*

---

[1] *Nobelman* only cited *Dewsnup* once, and not for any substantive point of law, but merely to quote the phrase "[rights that were] bargained for by the mortgagor and mortgagee."  *Nobelman*, 508 U.S. at 329.  *Lane* did not cite *Dewsnup* or address § 506(d) lien avoidance.

*Tara Colony Homeowners Ass'n (In re Bartee)*, 212 F.3d 277 (5th Cir. 2000); *McDonald v. Master Fin., Inc. (In re McDonald)*, 205 F.3d 606 (3d Cir.2000).

Further, all of the courts that have considered this issue in the wake of *Caulkett* have rejected arguments similar to those advanced by United Bank. They conclude instead that *Caulkett* is limited to the context of Chapter 7 lien-stripping under § 506(d). *See Green Tree Servicing, LLC v. Wilson (In re Wilson)*, 532 B.R. 486, 493 n.10 (S.D.N.Y. 2015); *In re Lopez*, Case No. 14-09533 (ESL), 2015 WL 5920666, at *1 (Bankr. D.P.R. Oct. 9, 2015); *Roman v. CitiMortgage, Inc. (In re Roman)*, Case No. 14-03686, Adv. No. 14-0255, 2015 Bankr. LEXIS 3437, *2 (Bankr. D.P.R. Oct. 8, 2015); *Kresl v. Beneficial Neb., Inc. (In re Kresl)*, Case No. 12-80557, Adv. No. 15-8016, 2015 WL 5667069, at *1 n.1 (Bankr. D. Neb. Sept. 24, 2015); *Osbourn v. Wells Fargo Fin. Bank (In re Osbourn)*, Case No. 12-80485, Adv. No. 15-8007, 2015 WL 5604442, at *1 n.1 (Bankr. D. Neb. Sept. 21, 2015); *In re Ricci-Breen*, Case No. 14-22798, 2015 WL 5156617, at *1 n.2 (Bankr. S.D.N.Y. Aug. 31, 2015); *Young v. Green Tree Servicing, LLC (In re Young)*, Case No. 14-41518, Adv. No. 15-4016, 2015 WL 4940090, at *1 n.2 (Bankr. D. Neb. Aug. 18, 2015); *Rivera v. Banco Popular de P.R. (In re Rivera)*, Case No. 13-07968, Adv. No. 14-00100, 2015 WL 3932381, at *2 (Bankr. D.P.R. June 25, 2015); *Turman v. Pinnacle Bank (In re Turman)*, Case No. 15-80062, Adv. No. 14-8035, 2015 WL 3745304, at *1 n.1 (Bankr. D. Neb. June 12, 2015).

Based on this review, the Supreme Court's interpretation of the Bankruptcy Code provisions at issue in *Caulkett* does not implicate or affect interpretation of the distinct provisions at issue in this case. *Caulkett* merely applied the interpretation of § 506(d) in *Dewsnup*, a pre-*Lane* case, in a straightforward way to completely underwater liens, just as the Sixth Circuit applied *Dewsnup* to completely underwater liens in *Talbert* a year after deciding

*Lane*. *Caulkett* cannot overrule *Lane* because it did not make new law; *Caulkett* only applied

existing law that predates *Lane*.

It is therefore ORDERED that the Debtors' Motion to Avoid Junior Lien of United Bank

Pursuant to 11 U.S.C. 506(a) [ECF No. 21] is GRANTED and Creditor United Bank's Response

and Objection to Motion to Avoid Lien and Objection to Amended Chapter 13 Plan [ECF

Nos. 25 and 26] are OVERRULED.

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Gregory R. Schaaf*
**Bankruptcy Judge**
**Dated: Monday, November 16, 2015**
**(grs)**